IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

NATE A. LINDELL,

           Plaintiff

v.

JON E. LITSCHER, MARC CLEMENTS,
CINDY O'DONNELL, CATHY JESS, JIM
SCHWOCHERT, AMY SMITH, CHARLES
E. COLE, DENNIS SCHUH, CHARLES
FACKTOR, WELCOME F. ROSE,
ANNA BOATWRIGHT, EMILY DAVIDSON,
TOM GOZINKE, BRAD HOMPE,
MANDY MATHISON, JOHN D. PAQUIN,
GARY BOUGHTON, TIMOTHY HAINES,
PETER HUIBREGSTE, MARK KARTMAN,
LEBBEUS BROWN, DAN WINKLESKI,
JOLINDA WATERMAN, MARY MILLER,
ROBERT HABLE, DR. SCOTT RUBIN-ASCH,
STACY HOEM, TRINA KROENING-SKIME,
JOHN SHARPE, DANE M. ESSER, LARRY
PRIMMER, SARAH MASON, KURT HOEPER,
TODD BRUDOS, THOMAS HANKE, MATTHEW
HANKE, JASON ROBERTS, JOSEPH YANSKE,
PHILLIP FRIEDRICH, JULIE PAYNE, BENJAMIN
WOHLAND, ELLEN K. RAY, WILLIAM BROWN,
CINDY BEERKIRCHER, ANTHONY BROADBENT,
HEIDER HOUCHHAUSEN, and SANDRA MCARDLE,

           Defendants.

OPINION AND ORDER

Case No. 18-cv-1021-slc

_____

      This case is pro se plaintiff Nate A. Lindell's nineteenth lawsuit in this court since 2001, and it presents what is probably his longest complaint yet: it is 97 pages long, it names 47 defendants and attaches 100 pages of exhibits. It should come as no surprise to Lindell that the court is not going to accept this complaint: he's been told this before in his other lawsuits with gargantuan complaints. *See, e.g., Lindell v. Wall*, 12-cv-646-wmc, Nov. 6, 2013 order (dkt. 6) at 9 ("The complaint in this case violates Rules 18 and 20 by joining unrelated claims against

multiple defendants at two different prisons over a period of seven years. Therefore, the proposed complaint must be rejected based on improper joinder"); *Lindell v. Lt. Dane*, 13-cv-563, December 3, 2014 order (dkt. 9)at 6-7 ("While each of Lindell's proposed claims involve a similar fact pattern, it appears that he is attempting to join at least six lawsuits against different defendants into one action.")

Lindell has filed this particular case as a proposed class action lawsuit under 42 U.S.C. § 1983, claiming that the decision-making process related to, and the conditions of, restrictive housing at WSPF violate Wisconsin law and the United States Constitution. Lindell's proposed defendants are or were Wisconsin Department of Corrections (DOC) employees in various capacities, ranging from warden, to inmate complaint examiner, to correctional officer, to DOC Secretary. Lindell's complaint is ready for screening as required by 28 U.S.C. § 1915A.

The vast majority of Lindell's allegations are either irrelevant or unnecessary to his complaint, I conclude that the complaint violates Federal Rule of Civil Procedure 8. Accordingly, I will dismiss the complaint without prejudice, giving Leiser an opportunity to file a proposed amended complaint that corrects the deficiencies outlined below.

OPINION

Federal Rule of Civil Procedure 8(a)(2) requires a complaint to include "a short and plain statement of the claim showing that the pleader is entitled to relief." Under Rule 8(d), "each allegation must be simple, concise, and direct," with the primary purpose being to provide fair notice to defendants so that the court and defendants may "understand whether a valid claim is alleged and if so what it is." *Vicom, Inc. v. Harbridge Merchant Servs., Inc.*, 20 F.3d 771, 775 (7th

2

Cir. 1994). Complaints that are unnecessarily lengthy, coupled with repetition and immaterial allegations, may violate Rule 8. Indeed, "length may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter.'" *Kadamovas v. Stevens*, 706 F.3d 843, 844 (7th Cir. 2013) (quoting *United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003); *see also Stanard v. Nygren*, 658 F.3d 792, 798 (7th Cir. 2011) ("where the lack of organization and basic coherence renders a complaint too confusing to determine the facts that constitute the alleged wrongful conduct, dismissal is an appropriate remedy."); *Lindell v. Houser*, 442 F.3d 1033, 1034 n.1 (7th Cir. 2006) ("District courts should not have to read and decipher tomes disguised as pleadings"). It's worth noting that in *Lindell*, the Court of Appeals for the Seventh Circuit specifically noted that Lindell's 55-page complaint naming 40 prison officials was "probable dismissible" under Rule 8. 442 F.3d at 1034 n.1.

Lindell's claims are straightforward and he has litigated enough cases in this court to be able to present them succinctly. Despite this, most of the 316 paragraphs in Lindell's proposed complaint are irrelevant or overly detailed, which make the claims he actually seeks to pursue unnecessarily burdensome to parse and respond to.

The thrust of Lindell's complaint is clear: DOC's and WSPF's approach to assigning prisoners to restrictive housing (which encompasses both disciplinary and administrative housing at WSPF), the review of that placement, and then the actual conditions in restrictive housing all violate Wisconsin law and the First, Eighth, and Fourteenth Amendments. Lindell's complaint does include allegations related to his personal experiences related to his 2001, 2002, 2016, and 2017 efforts to challenge his placement on administrative confinement status, as well as his

3

complaints about particular conditions. However, his claims are woven into hundreds of unnecessary or improper paragraphs and sections, including: (1) allegations about news articles and studies calling into question the use of solitary confinement in prisons; (2) legal arguments and citations to cases related to his purported constitutional claims; (3) numerous paragraphs describing other WSPF prisoners' experiences with restrictive housing placement; and (4) several hundred paragraphs describing in granular detail various restrictions attendant to restrictive housing at WSPF. The first two categories of allegations are irrelevant and thus inappropriate at the pleading stage.

Lindell's allegations about other prisoners' experiences are irrelevant. If Lindell included the allegations recounting other prisoners' experiences for the purpose of personally representing other prisoners or pursuing a class action, then he is mistaken. Lindell is the only named plaintiff in this lawsuit. Even if there were other plaintiffs that signed the complaint, Lindell could not represent them in this lawsuit. *See also Nocula v. UGS Corp.*, 520 F.3d 719, 725 (7th Cir. 2015) (noting that one pro se litigant cannot represent another); *Georgakis v. Illinois State Univ.*, 722 F.3d 1075, 1077 (7th Cir. 2013) ("A nonlawyer can't handle a case on behalf of anyone except himself."). Nor can Lindell act as a class representative. To certify a class, the class representative, would need to establish, among other things, that he will "fairly and adequately protect the interests of the class." Fed. R. Civ. P. 23(a). In most instances, a pro se prisoner will not be an adequate class representative. *Howard v. Pollard*, 814 F.3d 475, 478 (7th Cir. 2015) ("[I]t is generally not an abuse of discretion for a district court to deny a motion for class certification on the ground that a pro se litigant is not an adequate class representative.").

Even hypothesizing first, that Lindell might find a lawyer to represent him, and second, that this lawyer might agree to pursue class certification, it would not be necessary to include in the complaint all these lengthy allegations about the experiences of other class members. Rather, at this stage of the case, it would be enough for Lindell to set forth what happened to him and that similarly-situated prisoners also suffered similar harm. Accordingly, to get this lawsuit off the ground, Lindell must limit the allegations in his complaint to *his* experiences. The question of other prisoners' experiences within WSPF's restrictive housing will arise, if appropriate, at the class certification stage.

Finally, from paragraphs 54 to 301 of his complaint, Lindell describes methods that WSPF staff employed to "torture" him. Those allegations span the period 2011 to 2017 and include about 18 pages of allegations about access to adequate reading, research and legal materials, and television; 20 pages of allegations related to staff misconduct in restrictive housing; and 20 pages of allegations about access to adequate hygiene materials, clothing, food, medical devices and care. The majority of these allegations are unnecessary for Lindell to state a claim, they distract from the allegations that actually that actually might support a claim upon which Lindell may proceed, and, if Lindell is allowed to proceed, these allegations would make the task of responding unduly onerous. For all of these reasons, I find that Lindell's complaint violates Rule 8 and I am dismissing it without prejudice.

To proceed with this lawsuit, Lindell must file an amended complaint, that reduces his complaint to a manageable size by focusing only on essential factual allegations related to his own experiences. Lindell submits a proposed amended complaint no later than **September 13, 2019**, the court will take it under advisement for prompt screening under 28 U.S.C. § 1915A.

In crafting any amended complaint, Lindell should keep in mind the requirements of Federal Rule of Civil Procedure 20 and 21. Rule 20 allows a plaintiff to join as many defendants as he wants in one action, but only so long as the claims arise "out of the same transaction, occurrence, or series of transactions or occurrences" *and* a common "question of law or fact" arises as to *all* defendants in the action. Fed. R. Civ. P. 20(a)(2). Rule 20 exists to prevent a plaintiff from "throw[ing] all of his grievances, against dozens of different parties, into one stewpot." *Wheeler v. Wexford Health Sources, Inc.*, 689 F.3d 680, 683 (7th Cir. 2012). Even when the claims are related, the court has authority under Rule 21 and its inherent authority to sever a lawsuit when it would be unwieldy to allow a plaintiff to maintain so many claims against so many different defendants in a single case. *Lee v. Cook Cty., Illinois*, 635 F.3d 969, 971 (7th Cir. 2011); *In re High Fructose Corn Syrup Antitrust Litig.*, 361 F.3d 439, 441 (7th Cir. 2004). While Lindell couches all of his claims in this lawsuit as a challenge to WSPF's handling of restrictive housing, the fact that he names 47 defendants and details myriad discrete events from 2011 through 2017 make it all but certain that Lindell is pursuing too many unrelated claims to proceed in one lawsuit. Lindell should carefully consider the limits of these rules in preparing an amended complaint.

Finally, Lindell should draft his amended complaint as if he is telling a story to someone who knows nothing about his situation. This means that he should explain: (1) what happened to make him believe he has a legal claim; (2) when it happened; (3) who did it; (4) why; and (5) how the court can assist him in relation to those events. Lindell should set forth his allegations in separate, numbered paragraphs using short and plain statements, and he should also tell his story chronologically, inserting allegations related to each defendant at the time in the

chronology of events they became involved. Most importantly, unlike his initial complaint, Lindell should not set forth details that do not relate *directly* to his claims or devote paragraphs to legal arguments, general grievances about defendants, or events that relate only to other prisoners, and he should omit details about his experiences that are unnecessary to provide notice of his claims against defendants. After he finishes drafting his amended complaint, Lindell should review it and consider whether it could be understood by someone who is not familiar with the facts of his case. If not, he should make necessary changes. If Lindell submits a proposed amended complaint on or before September 13, 2019, then the court will screen it as soon as possible under 28 U.S.C. § 1915(e)(2).

ORDER

IT IS ORDERED that:

1) Plaintiff Nate Lindell may have until **September 13, 2019,** to amend his complaint to address the deficiencies described above.

2) If Lindell does not timely file an amended complaint as directed, this case will be closed without further notice. Any amended complaint will be screened in accordance with 28 U.S.C. § 1915(e)(2). **If the amended complaint fails to comply with this order, then this action will be dismissed under Fed. R. Civ. P. 41(b).**

Entered this 15th day of August, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge