IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

_____

NATE A. LINDELL,                                              OPINION AND ORDER

                        Plaintiff

          v.                                                         Case No.  18-cv-1021-slc

JON E. LITSCHER, *et al.*

                        Defendants.

_____

On August 15, 2019, I issued an order explaining that *pro se* plaintiff Nate Lindell's 97-page long complaint did not satisfy the requirements of Fed. R. Civ. P. 8, because it  named 47 different defendants and included hundreds of unnecessary details about Lindell's conditions of confinement.  (Dkt. 20, at 5.)  I gave Lindell until September 13, 2019, to file a proposed amended complaint that corrected those deficiencies.  Lindell has moved for clarification, along with 20 more days to file a proposed amended complaint, or, alternatively assistance in recruiting counsel.  (Dkt. 21.)  I am denying Lindell's request for assistance in recruiting counsel, but I will give him an additional two weeks to file his proposed amended complaint.

Lindell complains that he cannot fully articulate his claims challenging WSPF's conditions of confinement in less than 97 pages.  In support, Lindell cites to the 52-page complaint that was filed in *J.J. v. Litscher*, the class action lawsuit challenging the conditions of confinement at the Lincoln Hills School for Boys and the Copper Lake School for Girls. *See*, Case No. 17-cv-47-jdp, dkt. 13 (W.D. Wis. Apr. 17, 2017).  This comparison doesn't help Lindell: the complaint in *J.J.* was 45 pages shorter than Lindell's and it was a proposed class action with nine named plaintiffs in the caption.  Perhaps Lindell really holds the opinion that it is appropriate to include in his complaint every detail about his confinement, but this is simply incorrect. "Federal Rule of Civil Procedure Rule 8(a)(2) requires only a short and plain statement

of the claim showing that the pleader is entitled to relief. Indeed, Rule 8 *requires* notice pleading, not fact pleading." *Nicholson v. Eckstein*, 686 Fed. Appx. 372, 374 (7th Cir. 2017), emphasis added. It is virtually a given that a complaint naming 47 defendants and alleging myriad acts spanning numerous years will violate Rules 18, 20 and 21.

Lindell does not need further explanation from the court or assistance from an attorney to pare down his allegations. Lindell is an experienced pro se litigator who has been down this road before. Because Lindell mentions that he is busy litigating another matter, I surmise that what he really is angling for is more time. I will give him two extra weeks, to **September 27, 2019,** to file his proposed amended complaint.


ORDER

IT IS ORDERED that:

1)    Plaintiff Nate Lindell's motion for clarification/reconsideration and additional time (dkt. 21) is DENIED.

2)    Plaintiff may have until **September 27, 2019,** to file a proposed amended complaint.


Entered this 10th day of September, 2019.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge