IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

NATE A. LINDELL,

              Plaintiff

    v.

JON E. LITSCHER, ED F. WALL,
CATHY JESS, JIM SCHWOCHERT,
JOHN DOES, GARY BOUGHTON,
MARK KARTMAN, DR. SCOTT
RUBIN-ASCH, DR. STACEY HOEM,
JOLINDA WATERMAN, and
MARY MILLER,

              Defendants.

OPINION AND ORDER

18-cv-1021-slc

---

Pro se plaintiff Nate Lindell seeks to proceed *in forma pauperis* in this lawsuit on claims challenging the conditions of his confinement at the Wisconsin Secure Program Facility (WSPF). On August 15, 2019, I denied Lindell to proceed, since his 97-page complaint violated Federal Rule of Civil Procedure 8, but I gave Lindell the opportunity to file a pared down amended complaint. Lindell filed his proposed amend complaint on September 26, 2019. Although Lindell submitted a proposed amended complaint that significantly pared down his allegations, under 28 U.S.C. § 1915(g), Lindell cannot proceed *in forma pauperis* in this case.

OPINION

Under the "three-strikes rule" set forth in 28 U.S.C. § 1915(g), if three or more of a prisoner's civil actions or appeals have already been dismissed while imprisoned as frivolous, malicious, or for failure to state a claim upon which relief may be granted, that prisoner is not allowed to bring a civil action in federal court without first paying the full filing fee. The sole

exception to this rule is if the plaintiff's pleadings show that he is in imminent danger of serious physical injury.

Lindell has filed more than three cases that were dismissed because they were frivolous, malicious, or failed to state a claim upon which relief may be granted.  In *Lindell v. Huibregtse*, No. 05-C-3-BBC (W.D. Wis.), the Court of Appeals for the Seventh Circuit amended the district court's judgment to be a dismissal with prejudice as frivolous or malicious, and the Seventh Circuit dismissed his appeal for the same reason, *Lindell v. Huibregtse*, 205 F. App'x 446, 450 (7th Cir. 2006).  Those proceedings count as two separate strikes.  Lindell earned a third strike in *Lindell v. Esser*, No. 13-cv-563-wmc (W.D. Wis. Apr. 1, 2015), because his case was dismissed for failure to state a claim.  Finally, he earned a fourth strike in 2007 when his petition for certiorari to the United States Supreme Court was dismissed a frivolous or malicious.  *Lindell v. Huibregtse*, 549 U.S. 1336 (2007).[1]

Therefore, he cannot proceed *in forma pauperis* in this case unless the court concludes that his allegations show that he is in imminent danger of serious physical injury.  To meet the imminent-danger requirement of 28 U.S.C. § 1915(g), a prisoner must allege a physical injury that is imminent or occurring at the time the complaint is filed and show that the threat or prison condition causing the physical injury is "real and proximate."  *Ciarpaglini v. Saini*, 352 F.3d 328, 330 (7th Cir. 2003) (citing *Heimermann v. Litscher*, 337 F.3d 781 (7th Cir. 2003); *Lewis v. Sullivan*, 279 F.3d 526, 529 (7th Cir. 2002)).

---

[1]  I recently found that Lindell has struck out in his other lawsuit before me. *See Lindell v. Boughton*, No. 18-cv-895-slc, dkt. 70 (W.D. Wis. Apr. 1, 2020).  In that case, defendants sought to revoke Lindell's *in forma pauperis* status, and I granted that request.  It is worth noting that Lindell did not oppose that motion on the ground that he had not struck out, only on the ground that he should have been allowed to proceed *in forma pauperis* because his claims fell under the imminent danger exception.

Lindell's allegations do not suggest he was in imminent danger of serious physical injury when he filed this lawsuit.  He seeks to proceed in this lawsuit on various claims challenging the conditions of his confinement at WSPF, on the ground that the majority of the time he spent on administrative confinement status (AC) violated his constitutional rights and seriously damaged his mental and physical health.  He also claims that WSPF's approach to reviewing his AC status have violated his due process rights.  However, Lindell's allegations do not  suggest that Lindell was in imminent danger of serious bodily harm at the time he filed this lawsuit.

To start, on December 8, 2018, when Lindell filed this lawsuit, he was not incarcerated at WSPF.  Although Lindell alleged in his original complaint that he was incarcerated at WSPF (*see* Compl. (dkt. 1) 2-3), Lindell was not actually located there that time.  Rather, in the enclosure letter Lindell sent along with his complaint, Lindell listed his address as at Green Bay Correctional Institution (Green Bay) (dkt. 1-37), and in his motion to proceed *in forma pauperis*, Lindell listed Green Bay as his address as well (dkt. 2).  The Wisconsin offender website confirms that Lindell was transferred to Green Bay on or around October 9, 2018, and that he was transferred to Columbia Correctional Institution in February 2019, where he remains incarcerated.  *See* Offender Detail, appsdoc.wi.gov/loc/detail.do (last visited Apr. 20, 2020). As such, even assuming that Lindell alleged sufficient facts to support an inference that the conditions on AC status at WSPF created an imminent danger of physical injury, Lindell was no longer subject to those conditions when he commenced this lawsuit.

Moreover, Lindell is not seeking to proceed on any claims related to the conditions of his confinement at Green Bay (where he was incarcerated when he filed his complaint), much less that the conditions at Green Bay put him in imminent danger of serious bodily harm. Accordingly, I conclude that, pursuant to 28 U.S.C. § 1915(g), Lindell may not proceed in this

lawsuit *in forma pauperis*.  I am dismissing this lawsuit without prejudice to Lindell's ability to

seek to reopen it by paying the full $400 filing fee within three weeks of the date of this order.


ORDER

IT IS ORDERED that:

1.      Plaintiff Nate Lindell's request to proceed *in forma pauperis* is DENIED, pursuant

        to 28 U.S.C. § 1915(g).

2.      Plaintiff's proposed amended complaint is dismissed without prejudice, subject to

        being reopened if Lindell submits the $400 filing fee by May 15, 2020.


Entered this 29th day of April, 2020.

                                BY THE COURT:

                                /s/
                                _____
                                STEPHEN L. CROCKER
                                Magistrate Judge