IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN
_____

NATE A. LINDELL,

                Plaintiff

v.

CATHY JESS, JIM SCHWOCHERT,
JOHN DOE #1, GARY BOUGHTON,
and MARK KARTMAN,

                Defendants.

OPINION AND ORDER

18-cv-1021-slc

_____

      Pro se plaintiff Nate Lindell filed this lawsuit pursuant to 42 U.S.C. § 1983, challenging his conditions of his confinement while he was in restrictive housing at the Wisconsin Secure Program Facility (WSPF) between approximately 2003 and 2018. This lawsuit has taken a long time to get off the ground. I initially dismissed Lindell's 97-page long complaint and allowed him to file an amended complaint that complied with the pleading requirements of Federal Rule of Civil Procedure 8. Then, on April 30, 2020, after it came to my attention that Lindell had "struck out" under 28 U.S.C. § 1915(g), I revoked his *in forma pauperis* status because he had not pled facts suggesting that he was facing imminent danger of serious physical injury. (Dkt. 26.) Lindell thereafter arranged for payment of the full filing fee, and on January 20, 2021, I granted Lindell leave to proceed against defendants Cathy Jess, John Doe #1, Gary Boughton, Mark Kartman, and Jim Schwochert on a Fourteenth Amendment due process claim related to Lindell's continued placement on administrative confinement status at WSPF.

      The day defendants accepted service of process, they filed a motion to stay and dismiss this action, arguing that I should dismiss this lawsuit as a sanction for Lindell's previous failure to inform the court that he had "struck out." (Dkt. 37.) The parties have aggressively litigated defendants' motion since then, with Lindell submitting a sur-response (dkt. 42), and most

recently asking that I sanction defense counsel for bringing this motion (dkt. 47), prompting me to cut off the parties' submissions (dkt. 49). Having reviewed all of their submissions, I conclude that dismissal of this action with prejudice is the appropriate sanction for Lindell's previous failure to disclose his "struck out" status, and I will not sanction defendants. Accordingly, I am granting defendants' motion, denying Lindell's motion, and dismissing this lawsuit with prejudice.

OPINION

Under § 1915(g), "if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." The Court of Appeals for the Seventh Circuit recently reaffirmed that "[a] litigant who knows that he has accumulated three or more frivolous suits or appeals must alert the court to that fact," dismissing a prisoner's appeal for failing to inform the court that he had struck out. *Connor v. Adams*, No. 20-2309, 834 F. App'x 266 (Mem), 2021 WL 225877, at *1 (7th Cir. Jan. 22, 2021) (quoting *Ammons v. Gerlinger*, 547 F.3d 724, 725 (7th Cir. 2008)); *see also Hoskins v. Dart*, 633 F.3d 541, 543-44 (7th Cir. 2011) (affirming dismissal of lawsuit as a sanction for intentionally misrepresenting litigation history); *Sloan v. Lesza*, 181 F.3d 857, 858-59 (7th Cir. 1999) ("An effort to bamboozle the court by seeking permission to proceed in forma pauperis after a federal judge has held that § 1915(g) applies to a particular litigant will lead to immediate termination of the suit.").

Section 1915(g) has applied to Lindell since 2015. By 2006 he had earned two strikes. He earned one strike in *Lindell v. Huibregtse*, No. 05-C-3-BBC (W.D. Wis.), when the Court of

Appeals for the Seventh Circuit amended the district court's judgment to be a dismissal with prejudice as frivolous or malicious, and a second because the court dismissed his appeal for the same reason, *Lindell v. Huibregtse*, 205 F. App'x 446, 450 (7th Cir. 2006) (noting explicitly that Lindell incurred a "strike" for filing the appeal). He earned a third strike in 2007 when the United States Supreme Court dismissed as frivolous or malicious his petition for certiorari from the Seventh Circuit's dismissal. *Lindell v. Huibregtse*, 549 U.S. 1336 (2007). And in 2015, Lindell earned a fourth strike in *Lindell v. Esser*, No. 13-cv-563-wmc, dkt. #15 (W.D. Wis. Apr. 1, 2015), because his case was dismissed for failure to state a claim, and the court's dismissal order informed Lindell that he had earned a strike, *see id.* at 2.

Nonetheless, in 2018 Lindell failed to disclose that he struck out to this court when he submitted his complaint and motion to proceed *in forma pauperis*. Given Lindell's demonstrated proficiency as a pro se litigant in this court, It is reasonable to infer that he then and there was aware that the restrictions of § 1915(g) applied to him. Indeed, Lindell does dispute that he was aware of his status.

In any event, it is incontestible that by January 2020, Lindell's was aware that he had incurred more than three strikes because the district court in the Eastern District of Wisconsin revoked his *in forma pauperis* status on that basis in *Lindell v. Pollard*, No. 19-cv-255-LA-WED, dkt. 41 (E.D. Wis. Jan. 13, 2020). In February, the Eastern District revoked Lindell's IFP status on the basis of his failure to disclose his three strikes in *another* case, *Lindell v. Kind*, No. 19-cv-702, 2020 WL 847353, at *1 (E.D. Wis. Feb. 20, 2020).

Despite these two rulings in the Eastern District, Lindell remained silent in this court. It fell to the defendants in Lindell's other lawsuit before me (*Lindell v. Boughton*, No. 18-cv-895),

to inform me of those developments.[1]  Then, even though I revoked his *in forma pauperis* status in his other case on April 1, Lindell *still* filed nothing in this case, leaving it to me to revoke that status in this case at the end of April.

In the face of his irrefutable misconduct, Lindell argues that dismissal with prejudice is not the appropriate sanction.  Lindell maintains that if the court believes his omission was sanctionable, then it should have sanctioned his conduct when it revoked his *in forma pauperis* status.  Lindell is correct: at that point, I had the authority to dismiss it and opted not to.  But my failure to dismiss this case then is not a reason to reward Lindell's misconduct now, or to require defendants to litigate the merits of this case.

Citing *Alexander v. United States*, 121 F.3d 312 (7th Cir. 1997), Lindell seeks to avoid dismissal by arguing that defendants have not shown bad faith, and I granted him leave to proceed on certain claims.  In *Alexander*, the court was not referring to sanctionable conduct of the sort at issue here, it was explaining that the use of the adverb "vexatiously" in 28 U.S.C. § 1927, implies "bad intent."  *Id.* at 316.  There is no requirement that this court must find bad faith before it may dismiss a case due to plaintiff's failure to disclose that he has struck out under § 1915(g).  In any event, Lindell's failure to apprise this court of his status after January 2020 – when he was *explicitly* informed that § 1915(g) applied to him – leads me to conclude that he has proceeded in bad faith in this lawsuit.  The possible merit of Lindell's claims does not bear on whether dismissal of this action is an appropriate sanction for his misrepresentation to the court.

---

[1] I note that on May 4, 2020, Lindell's *in forma pauperis* status was revoked in another of his Eastern District lawsuits, *Lindell v. Greff*, No. 19-cv-0827, 2020 WL 2113787, at *4 (E.D. Wis. May 4, 2020).

Lindell contends that his payment of the filing fee should absolve him from any sanction for failing to disclose his strikes. Although Lindell has paid the full filing fee in this case, the court has not yet sanctioned Lindell for his refusal to properly disclose the fact that he could not proceed *in forma pauperis*. As the court stated in *Ammons*, dismissal is appropriate "not only for lack of payment but also as a sanction for misconduct." 547 F.3d at 725 (citing *Campbell v. Clark*, 481 F.3d 967 (7th Cir. 2007)).

Lindell cites *Isby v. Brown*, 856 F.3d 508 (7th Cir. 2017), in which the court denied request to dismiss a prisoner's appeal with prejudice for his failure to disclose that he struck out. This decision does not help Lindell. In *Isby*, the court *reaffirmed* prisoners' obligation to disclose having three strikes, but it exercised its discretion to consider the appeal because (1) Isby's counsel offered to pay all fees owed, (2) the appellees did not raise his non-disclosure until two days before oral argument on appeal, and (3) because Isby's claims raised "serious constitutional concerns." *Id.* at 519-21. In so ruling, the court took pains to note that its finding was the "exception, not the norm," warning litigants that "[r]estricted filers must still alert the court to their three-strikes status or risk dismissal and termination of their suits not only for lack of payment but also as a sanction for misconduct." *Id.* at 521.

In contrast, although Lindell has paid his filing fee in this and his other case before me, he still owes over $2,000 in filing fees (*see* dkt. 38-1), and defendants did not delay bringing up Lindell's non-disclosure: they filed their motion to dismiss the day they accepted service. The court's one-off decision in *Isby* does not excuse Lindell's behavior in this lawsuit. Accordingly,

given defendants' prompt attention to Lindell's misconduct, I find dismissal with prejudice to be the appropriate sanction in this case.[2]

## ORDER

IT IS ORDERED that:

1. Plaintiff Nate Lindell's motion for leave to file a sur-response (dkt. 42) is GRANTED.

2. Defendants' motion to dismiss (dkt. 37) is GRANTED.

3. Plaintiff Nate Lindell's motion for sanctions (dkt. 47) is DENIED.

4. Plaintiff's motion for reconsideration (dkt. 39) is DENIED as moot.

5. This lawsuit is DISMISSED with prejudice as a sanction for Lindell's failure to timely disclose to this court that he was subject to the restriction on his ability to proceed *in forma pauperis,* set forth in 28 U.S.C. § 1915(g).

Entered this 22nd day of April, 2021.

BY THE COURT:

/s/
_____
STEPHEN L. CROCKER
Magistrate Judge

---

[2] Because I am dismissing this case with prejudice, I need not address defendants' alternative request that I dismiss this lawsuit without prejudice for Lindell's failure to prepay past-due filing fees.